Edward G. Baker, J.
Plaintiffs sue to enjoin the use by defendant in the latter’s corporate name of the words “ Floor Master,” and for damages.
In December, 1945, plaintiff Irving Perlman and his then partner, Steele, filed in the office of the Clerk of the County of Kings a certificate of doing business under the name and style of “ floormasters. ’ ’ The business of the partnership consisted in the sale at wholesale and retail of floor tiles of various types, and in contracting for the installation of floor coverings in homes and business establishments.
Steele withdrew from the partnership in July, 1950. Thereafter, the business was conducted by Irving Perlman alone under the name “ Floormasters ” until April, 1952. At that time he and his brother, George Perlman, formed a partnership and continued in the same business utilizing the same trade name. In each instance the appropriate certificate of doing business under said trade name was filed by the successive proprietors.
From December, 1945 until March, 1959 the name was used continuously by plaintiffs and their predecessors in interest, on their business stationery, in trade publications, advertisements and telephone directories. During the same period the principal office and place of business of plaintiffs and their predecessors was 510 Atlantic Avenue, Brooklyn, New York.
On September 23, 1953, the individual defendants filed a certificate of incorporation for Dworkes-Berkowitz Super Markets Inc., the office and place of business of which was stated to be Glen Cove, Nassau County. On July 5, 1955, there was filed a certificate of change of name of said corporation to 1 ‘ Floor Master Tile, Inc.” and a change of purpose clause specifying that the corporation would engage in the floor covering and floor covering accessories business.
*536 Although the complaint alleged that defendants’ corporate name was selected by them with the intent to pirate plaintiffs’ business and to cause customers of plaintiffs and the public generally to believe that plaintiffs and the defendant corporation were one and the same enterprise, no proof whatever was offered to sustain this claim. In fact the proof is to the contrary. Defendant corporation is a wholesaler and the designated distributor for the products of various manufacturers. There was no competition between it and plaintiffs. Of a list of 150 customers with which plaintiffs had done business, defendant, in two isolated instances sold an insignificant quantity of materials to two of them. Nor was any evidence adduced to establish that, at the time defendants selected the name ‘ ‘ Floor Master Tile, Inc.” and filed the change of name certificate, they knew of the existence of plaintiffs’ firm and of the use by plaintiffs in their business of the trade name “ Floormasters.”
Plaintiffs did establish, however, that on August 25, 1955 and again on October 16, 1957, defendants were notified by letter of the prior use of the name by plaintiffs and were requested to discontinue the use of said name.
During the year 1955, plaintiffs’ total sales fell off to the extent of approximately $10,000, all or the greater part of the loss being sustained in connection with their wholesale accounts. From the end of 1955 to the end of 1958, the total amount of sales remained fairly constant although there was, in each successive year during that period, an appreciable drop in the wholesale business. During the first three months of the year 1959, plaintiffs did no wholesale business whatever, and during this same period their total sales dwindled to a very nominal amount. Subsequent to March, 1959, plaintiffs did no business whatever under the name “ Floormasters.”
Whatever may have been the reason for the constant drop in the dollar value of plaintiffs’ wholesale business from 1955 through March, 1959, and for the complete cessation of their business in the latter month and year, it seems clear that neither the loss of business nor the final discontinuance by plaintiffs of all business under their trade name is attributable to any unfair or dishonest use by defendant of its corporate name, or to any confusion in the public mind as to identity of the two enterprises.
For reasons unrelated to any act or acts of the defendants the partnership business theretofore conducted by plaintiffs under the name “ Floormasters ” came to an abrupt end in March, 1959, 15 months after the commencement of the action, and the use of the name by the partners or by either of them was then abandoned or discontinued. One of the plaintiffs, *537 desiring to continue in business, inquired of the Secretary of State as to the availability for corporate use of that name and was advised that it was not available. Having been so advised, he commenced doing business under another corporate name. This was an entirely new enterprise not connected in any way with the former partnership.
In the meanwhile, defendant has built up a reputation in the wholesale field that has resulted in expansion and increase of its business to the point where that business is now substantial. To enjoin defendants now from the use of the corporate name, adopted by them in good faith, might well result in usurpation by the plaintiffs, or by the one continuing in business, of the good will built up by the corporate defendant in the field of its activity. In the absence of proof of unfair or dishonest adoption of the name by defendants, and in view of the abandonment or discontinuance, during the pendency of the action, of the partnership business and of the use of the trade name by plaintiffs or by either of them, the injunctive relief sought must be denied, and the complaint dismissed, without costs.